**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENELE MAAFU TUIFAGALELE, | No. 07-70903 |
| Petitioner, | Agency No. A078-185-527 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Enele Maafu Tuifagalele, a native and citizen of Fiji, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and de novo claims of due process violations in removal proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We review for abuse of discretion the BIA's denial of the motion to remand. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

Substantial evidence supports the IJ's finding that, even if Tuifagalele's asylum application was timely, the discrimination and harassment he experienced on account of his Tongan ethnicity and his support for Indo-Fijians did not rise to the level of persecution. *See Nagoulko*, 333 F.3d at 1016-17; *see also Padash v. INS*, 358 F.3d 1161, 1166 (9th Cir. 2004). Substantial evidence also supports the IJ's finding that Tuifagalele failed to establish a well-founded fear of future persecution. *See id.* Accordingly, Tuifagalele's asylum claim fails. In light of our disposition regarding Tuifagalele's asylum claim, we do not address his due process and equal protection contentions relating to the BIA's denial of his asylum application as untimely.

Because Tuifagalele did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the IJ's denial of CAT relief, because Tuifagalele failed to establish it is more likely than not he would be tortured if returned to Fiji. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

Tuifagalele's contention that his due process rights were violated because the IJ rushed through the hearing and denied him the opportunity to fully and properly present his case fails because he did not demonstrate prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for a petitioner to prevail on a due process claim). Tuifagalele's contention that the BIA deprived him of due process and equal protection by misapplying the law to the facts of his case is not supported by the record. *See id*.

Finally, the BIA did not abuse its discretion in denying Tuifagalele's motion to remand proceedings because he failed to demonstrate the evidence he submitted was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1). We reject Tuifagalele's conclusory equal protection contention relating to the BIA's consideration of his explanations contained in the motion to remand.

**PETITION FOR REVIEW DENIED.**